United States District Court
Southern District of Texas
**ENTERED**
May 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY SATTERWHITE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-121 |
| | § | |
| STATE OF TEXAS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Anthony Satterwhite was a state prisoner incarcerated at the McConnell Unit in Beeville, Texas when he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254.[1]  Petitioner seeks to challenge his 2012 Nueces County aggravated assault conviction.[2]  (D.E. 1).  For the reasons stated herein, it is respectfully recommended that this action be **DISMISSED** as moot or, alternatively, as time barred.  It is further recommended that a Certificate of Appealability be **DENIED**.

**I.    JURISDICTION**

The Court has jurisdiction over habeas cases pursuant to 28 U.S.C. § 1331.  A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*,

---

[1]Petitioner now lists a private residence in Corpus Christi, TX as his current address.  (D.E. 23).

[2]Petitioner's case history, including several motions to revoke probation, is thoroughly summarized by the Respondent (D.E. 26, Pages 2-4) and therefore, need not be repeated here at length.

235 F.3d 959 (5th Cir. 2000). Petitioner was convicted by a court located in Nueces County, Texas and, at the time of filing, he was incarcerated at the McConnell Unit in Bee County, Texas. (D.E. 1). Therefore, this matter was properly before this Court at the time of filing. 28 U.S.C. § 124(b)(6).[3]

However, Plaintiff is no longer confined as he filed a change of address with this Court listing a private address in Corpus Christi, TX and he is no longer listed in the online inmate database for the Texas Department of Criminal Justice. (D.E. 23). Once a habeas corpus petitioner is released from custody, a district court's authority to adjudicate the controversy is called into doubt. A petition for writ of habeas corpus is not automatically moot when a petitioner is released from prison prior to the completion of the proceedings. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)(holding a habeas petition challenging prison disciplinary proceeding and resulting punishment was moot after petitioner's release). The relevant inquiry becomes whether the case still presents a live case or controversy. *Spencer*, 523 U.S. at 7 and 12-14. A petition is not moot if the released prisoner can show the challenged conviction will cause him to suffer some future collateral consequences. *Id.*; *Lane v. Williams*, 455 U.S. 624, 631-33 (1982). Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8.

---

[3]A federal court has jurisdiction to issue a writ of habeas corpus only if the person seeking the writ is "in custody." *See* 28 U.S.C. § 2241; *Pack v. Yusuff*, 218 F.3d 448, 454 n. 5 (5th Cir. 2000). The "in custody" determination is made as of the time the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Therefore, this Court maintains jurisdiction over this matter.

Here, it appears Petitioner is challenging the outcome of his third revocation proceeding and not his underlying conviction. (D.E. 1). While Petitioner states he is challenging his 2007 case, it appears he is arguing his counsel failed to effectively appeal the outcome of his motion for revocation and his requested relief is to have community supervision reinstated. (D.E. 1, Pages 1 and 11). Because it appears Petitioner has now been released and he has received the relief requested, there is nothing for this Court to remedy. Therefore, it is respectfully recommended this petition be **DISMISSED as moot**.

## II.   STATUTE OF LIMITATIONS

Alternatively, if there are future collateral consequences, or if Petitioner is actually challenging his underlying conviction, it is respectfully recommended this petition be **DISMISSED as time barred**. On October 15, 2007, Petitioner pled guilty to aggravated assault and was placed on deferred adjudication community supervision for a term of three years. (D.E. 20-1, Pages 10-24 and 41-42). Two motions to revoke his probation resulted in Petitioner being continued on community supervision with additional restrictions. The third motion to revoke, the one at issue in this case, was filed on June 28, 2012. Petitioner pled true to the violations on July 11, 2012, and the trial court sentenced him to fifteen years' incarceration. (D.E. 20-3, Pages 23-24). Petitioner filed a notice of appeal on July 23, 2012, which his appointed counsel, Stephen McMains, later moved to dismiss, including an affidavit signed by Petitioner. (D.E. 25-1, Pages 1-4). This motion was granted on May 9, 2013. (D.E. 26, Page 4). Over one year later, on July 15, 2014, Petitioner filed a state habeas application which the Texas Court of

Criminal Appeals denied on December 10, 2014. (D.E. 20-6, Pages 27-30 and D.E. 20-4, Page 1). Petitioner then filed the instant federal habeas petition on March 6, 2015. (D.E. 1).

Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one year statute of limitations period runs from the latest of four alternative dates:

>   (A)   the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner seeks timely filed state post-conviction writ review. 28 U.S.C. § 2244(d)(2). Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner's judgment became final on June 10, 2013, thirty days after his appeal was dismissed. 28 U.S.C. §2244(d); Tex. R. App. Proc. 68.2(a)(the limitations period commenced when the thirty-day period for filing a PDR in state court ended). Therefore, the time for bringing the present petition ran on June 10, 2014. On July 10, 2014, over one month after limitations had expired, Petitioner filed a state habeas application, which was denied by the Texas Court of Criminal Appeals without written order on December

10, 2014. As this state habeas application was filed after limitations had already expired, it did not operate to toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). On March 6, 2015, approximately three months after his state habeas application was denied, Petitioner filed the pending action. Therefore, the one year statute of limitations period to bring this action, pursuant to 28 U.S.C. § 2244(d), expired approximately nine months before Petitioner brought the present action.

However, the one year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010)(citations omitted); *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013)(*citing Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)(citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.*; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013)(*citing Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002)(It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.")(citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999)(citation omitted).

The entire basis of the pending petition is Petitioner's argument that he was somehow misled by his attorney who he alleges did not inform him that his appeal was dismissed. (D.E. 1 and D.E. 27). However, Petitioner himself signed an affidavit in support of the motion to dismiss his appeal. (D.E. 25-1, Page 4). Petitioner averred he had read the motion to dismiss which clearly states he was moving "this Court to withdraw appellant's notice of appeal and dismiss this appeal." (D.E. 25-1, Page 4). Therefore, he clearly had notice his appeal was no longer being pursued. Further, Petitioner has offered no evidence that his counsel actively misled him or otherwise kept him from filing a habeas petition. *Holland v. Fla.*, 560 U.S. 631, 652-53 (2010)("Equitable tolling applies where a petitioner is actively misled by his attorney; attorney negligence does not suffice). Further, ignorance of the law or lack of representation does not operate to toll the limitations period. *Turner*, 177 F.3d at 393. Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Additionally, Petitioner did not diligently pursue his rights, delaying approximately nine months past the deadline to pursue his federal habeas remedy, including three months after the resolution of his state habeas claim. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just rule on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations and exhaustion in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## IV.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Petitioner's application for habeas corpus relief be **DISMISSED** as moot, or alternatively, as time barred. It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 20th day of May, 2016.

                                              Jason B. Libby
                                    United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).